554

*THE PEOPLE, Plaintiff and Respondent, v. DELIO MEN-
DOZA MUJICA, Defendant and Appellant.

*This case was previously entitled, ''People v. Mendoza.''

Frank L. Williams, Jr., Public Defender, and Robert G. Skinner, Deputy Public Defender, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Nicholas C. Yost, Deputy Attorney General, for Plaintiff and Respondent.

KERRIGAN, J.—An information was filed in the Orange County Superior Court in July 1965 charging the defendant Delio Mendoza Mujica and a codefendant Abel Guitterez Mendoza with the crime of burglary (Pen. Code, § 459). The information also contained an allegation to the effect that the defendant Mujica had suffered a prior conviction of section 10851 of the Vehicle Code. The public defender was appointed to represent both defendants; each entered a plea of "not guilty"; and defendant Mujica denied the prior conviction. A jury trial ensued and defendant Mujica admitted the prior conviction outside the presence of the jury. The jury found both the defendants guilty as charged and fixed the crime of burglary in the second degree. The defendant Mujica's application for probation was denied, and he was sentenced to state prison. Both defendants filed notice of appeal from the judgment of conviction, but codefendant Mendoza's appeal was heretofore dismissed by order of this reviewing court on April 7, 1966.

The evidence discloses that under the cover of darkness in the early morning hours of June 29, 1965, the Flamingo Bar in the City of Stanton was burglarized. Forcible entry was gained by prying open the door of the bar. A Stanton police officer noticed the door was open at 4:30 a.m. and immediately called for a back-up unit. He was promptly reinforced by two other police officers. The officers entered the premises and noted that the coin box of the "juke" machine had been

removed. They observed that a large quantity of beer had been spilled on the counter of the bar, and that the carpeting on the floor was saturated with beer. A discernible trail of beer led from inside the bar to the backyard of a residence nearby, where the codefendant Mendoza resided. After following the traceable pattern of beer to Mendoza's residence, one of the officers observed Mendoza in the backyard. He noted a coffee pot filled with beer and a pry-bar resting on a bench located in Mendoza's backyard. A chrome-plated coffee pot had been stolen from the bar.

The officer questioned Mendoza, and the latter claimed that he was the owner of the coffee pot and beer, as well as the crackers and cheese which were setting on the bench. The officer then arrested Mendoza and advised him of his constitutional rights. The officer inquired as to where Mendoza resided. Mendoza pointed to a shack on the back of the lot, and Mendoza gave the officer permission to enter the shack. Upon entering the shack, the officer discovered Mujica asleep on a bed. There were some 18 packages of breath chasers known as ''Clorets'' either on his person or lying in disarray on the bed and floor around the defendant. A quantity of Clorets had been stolen from the bar. A book of matches was also found on the floor of the shack where defendant was sleeping, which were of the exact make or type as those utilized in the Flamingo Bar for the benefit of patrons. The officers awoke Mujica, placed him under arrest, and advised him of his constitutional rights.

The defendant Mujica was searched at the police station and a dollar bill was found in his right front vest pocket with the words ''Congratulations Karl,'' inscribed in red ink on its face. This bill had been given to the owner of the Flamingo by a brewery employee on the occasion of the bar's initial opening and was thereafter displayed as a souvenir on the back-bar above the cash register.

During interrogation at the station, the codefendant Mendoza confessed to his complicity in the commission of the crime, and executed a written statement. The statement also implicated Mujica. Mendoza related the following: That Mujica had conceived the plan to burglarize the bar; that Mujica had broken into the bar; that Mujica had removed a few pitchers of beer and some money from behind the bar while Mendoza waited outside as a lookout; and that Mujica had given him a handful of money when Mujica made his exit from the bar following the theft.

Defendant Mujica steadfastly denied any involvement in the offense. He maintained that he had been drinking wine on the railroad tracks during the late evening or early morning hours when the burglary was committed; that he ran into a stranger around 2-3 a.m. down by the tracks; that he sold the unidentified man a bottle of wine for which he had been paid with the souvenir dollar; that after the sale he proceeded to Mendoza's home and promptly fell asleep; and that he had no knowledge as to the source of the Cloret gum or mints.

During the trial in August 1965, the codefendant Mendoza's confession implicating defendant Mujica in the commission of the crime was admitted in evidence. The trial court instructed the jury that such confession should be considered only against the declarant Mendoza. Both defendants took the stand and testified in their own behalf, and each emphatically denied the commission of the burglary. The codefendant Mendoza refuted his confession implicating Mujica with the explanation that he was drunk or intoxicated at the time the officers interrogated him and did not remember making the extrajudicial statement.

Defendant Mujica appeals from the judgment of conviction on the ground that the trial court committed prejudicial error in allowing the confession of the codefendant to be introduced in evidence, and that the error in permitting introduction of the confession was not curable by the limiting instruction.

In *People* v. *Aranda,* 63 Cal.2d 518, 530-531 [47 Cal.Rptr. 353, 407 P.2d 265], the California Supreme Court held that when the prosecution proposes to introduce into evidence an extrajudicial statement of one defendant that implicates a codefendant, the trial court must adopt one of the following procedures: (1) It can permit a joint trial if all parts of the extrajudicial statement implicating a codefendant can be, and are, effectively deleted without prejudice to the declarant; (2) it can grant severance of trial if the prosecution insists that it must use the extrajudicial statement and it appears that effective deletions cannot be made; or (3) if the prosecution has successfully resisted a motion for severance and thereafter offers an extrajudicial statement implicating a codefendant, the trial judge must exclude it if effective deltions are not possible.

Mendoza's confession implicated the defendant Mujica in the commission of the burglary. The trial court therefore erred herein inasmuch as it should have determined whether Mendoza's confession implicating Mujica could be

558

effectively deleted without prejudice to the declarant; if such deletions proved unfeasible, the trial judge should have severed the trials, or excluded the confession. (*People* v. *Charles,* 66 Cal.2d 330, 333 [57 Cal.Rptr. 745, 425 P.2d 545].) In fairness to the trial judge, it should be emphatically noted that the procedures prescribed by the *Aranda* decision had not yet been enunciated by the California Supreme Court at the time of the trial of this cause, and the trial judge correctly applied the law as it existed at the time of trial.

Nevertheless, even though the *Aranda* rules were non-existent at the time of trial, such rules are retroactive in scope and govern all judgments of conviction which have not been finalized, as it is a basic postulate of appellate review that judgments of convictions shall be ordinarily tested on appeal under the law prevailing at the time of review and not the law prevailing at the time of trial. (*People* v. *Charles, supra.*)

Violations of the procedural requirements defined in *People* v. *Aranda, supra,* 63 Cal.2d 518, 530-531, may not be challenged on collateral attack, but are applicable to all cases still pending on direct review at the time that the principles enunciated in *Aranda* were established. (*People* v. *Charles, supra,* 66 Cal.2d 330, 334.) Therefore, the *Aranda* joint trial rules are applicable to this appeal. However, the issue then confronts us as to whether the error in admitting the Mendoza confession was prejudicial to the non-declarant-Mujica. (*People* v. *Charles, supra.*)

In *People* v. *Charles, supra,* 66 Cal.2d 330, 333, both defendants confessed; the codefendant Boddie's conviction was reversed because he had not been advised of his constitutional rights before his confession was elicited in conformity with the *Dorado* doctrine and, consequently, his codefendant's confession, which also implicated him in the commission of the crime, was held to constitute prejudicial error. Charles' conviction was affirmed for the reason that his constitutional rights had been afforded him prior to the time he confessed; his own confession, coupled with his positive identification by the victim, established his guilt beyond a reasonable doubt, notwithstanding the harmless error in admitting Boddie's confession which implicated Charles.

While there is some evidence reflecting Mujica's possible guilt, it is entirely circumstantial in nature. The Clorets found on his person, the presence of Clorets in the shack where he was found sleeping, the discovery of the matches on

the floor of the shack, and his possession of the souvenir one-dollar bill, does not necessarily constitute evidence proving his guilt beyond a reasonable doubt. Patently, defendant could have obtained possession of the bill in the manner in which he narrated. The matches were merely located on the floor of the shack where defendant was discovered sleeping. The defendant never confessed to the commission of the crime, and the only direct evidence of his guilt is found in the extrajudicial statement of the declarant Mendoza. While the jury might have concluded that defendant was guilty if Mendoza's statement had been excluded from admission in evidence, it would appear far more probable that the members thereof were strongly influenced by the Mendoza confession, which not only described his own involvement in the burglary, but shifted the major responsibility for the commission of the offense to the defendant. ▋ When the extrajudicial statement of a codefendant is admitted in evidence in violation of the principles enunciated in *People* v. *Aranda, supra,* 63 Cal.2d 518, 530-531, and the said statement inculpates the nondeclarant as the central figure in the commission of the crime, and the other evidence as to the guilt of the nondeclarant presents a close question, the error must be considered as prejudicial.

▋ In admitting the confession, it was not rendered harmless by an instruction to the effect that it should not be considered against Mujica. Error in admitting a confession that implicates both defendants is not rendered harmless to the nonconfessing defendant by an instruction that it should not be considered against him but only against the declarant. (*People* v. *Aranda, supra,* 63 Cal.2d 518, 526; *People* v. *Charles, supra,* 66 Cal.2d 330.)

The judgment of conviction is reversed.

McCabe, P. J., and Tamura, J., concurred.